IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SAM W. LEE**                                                                                             **PLAINTIFF**

**v.**                                                          **No. 1:20CV118-JMV**

**CHICKASAWA COUNTY REGIONAL**
**CORRECTIONAL FACILITY, ET AL.**                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Sam W. Lee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants deprived him of the right to due process during a prison disciplinary proceeding. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted

**Factual Allegations**

On August 9, 2019, Sam W. Lee was accused of trampling and kicking another inmate; the Rule Violation Report stated that he could be seen on video doing so. Contrary to MDOC policy, Mr. Lee did not receive a copy of the Rule Violation Report within 24 hours of its issuance. He requested witnesses and the camera footage as evidence for the disciplinary hearing, which was held on August 14, 2019. One of the witnesses, Captain "Big Show" said he did not recall anything about the incident. Captain "Big Show" was both a witness and the disciplinary hearing officer – which is also

contrary to MDOC disciplinary hearing policy. In addition, no one produced the video evidence mentioned on the Rule Violation Report for the hearing.

Mr. Lee was found guilty of the infraction and punished by placement in segregation, where he lost various prison privileges. He tried to appeal the guilty finding through the sensitive appeal process, but that request was rejected with instructions to file the appeal through the normal process. He attempted to file the appeal through the normal process, but the appeal was delayed because several of the people who process appeals were on vacation during Thanksgiving, then Christmas, holidays. The Administrative Remedy Program Coordinator then found the appeal to be untimely. Mr. Lee believes that the delays of the appeal staff members were responsible for the appeal's untimeliness. He was later indicted on aggravated assault charges arising out of the incident caught on video. The prosecution offered a sentence of 20 years during plea negotiations.

### Due Process in the Prison Context

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was placement in administrative segregation and a resulting loss of privileges. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of September, 2020.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE